**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 22-01030-CJC (KESx)                      Date: August 25, 2023

Title: <u>NWHW HOLDINGS, INC. v. NAT'L UNION FIRE INS. CO. OF PITTSBURGH, P.A.</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Rolls Royce Paschal</u>                            <u>N/A</u>
Deputy Clerk                                     Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

       Plaintiff NWHW Holdings, Inc. filed this action on May 20, 2022, asserting that the Court has diversity jurisdiction. (Dkt. 1 ¶ 8.) Diversity jurisdiction exists when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002). Plaintiff alleges that there is complete diversity because "Plaintiff is a Delaware corporation with its headquarters in Florida[,]" and "Defendant is a Pennsylvania corporation with its headquarters in Pittsburgh, Pennsylvania." (Dkt. 1 ¶¶ 1–2.) However, Plaintiff in its recent motion for partial summary judgment argues that the dispute "is presumably governed by Pennsylvania law, since [the subject contract for insurance coverage] identifies Pennsylvania as the state of Plaintiff's incorporation and place of business." (Dkt. 26-1 at 6 n.4; Dkt. 29-12 [Policy Declarations] at NEW 438.) Indeed, the evidence appears to reflect that Plaintiff, like Defendant, is a Pennsylvania citizen. If Plaintiff and Defendant are both citizens of the state of Pennsylvania, diversity jurisdiction does not exist. *See* 28 U.S.C. § 1332(a).

       Accordingly, Plaintiff is hereby **ORDERED TO SHOW CAUSE** in writing by **September 1, 2023 at 9:00AM** as to why this matter should not be dismissed for lack of subject matter jurisdiction. Plaintiff should also address why the subject insurance policy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 22-01030-CJC (KESx)          Date: August 25, 2023
         Page 2

---

identifies Plaintiff as a Pennsylvania corporation and why Plaintiff uses this policy to argue that Pennsylvania law should apply despite identifying itself as a citizen of Delaware and Florida.  Defendant is **ORDERED** to file a statement regarding jurisdiction by the same date and time.

MINUTES FORM 11
CIVIL-GEN          Initials of Deputy Clerk RRP